E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
KAITLYN B. LASATER (Cal. Bar No. 299762)
Special Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 955-5676
    Facsimile: (951) 276-6202
    Email:    Kaitlyn.Lasater@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW JOSEPH BROWN,<br><br>    Defendant. | ED CR No. 22-088-AB<br>ED CR No. 14-125-VAP<br><br>UNITED STATES' OMNIBUS SENTENCING POSITION REGARDING DEFENDANT MATTHEW BROWN; EXHIBIT 1<br><br>Sentence Date:  April 7, 2023<br>Sentencing Time: 1:30 P.M.<br>Location:      Ctrm. of the Hon.<br>               Andre Birotte, Jr.<br><br>S/R Sentence Date: April 17, 2023<br>Sentencing Time:  1:30 P.M.<br>Location:      Ctrm. of the Hon.<br>               Virginia A.<br>               Phillips |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Special Assistant United States Attorney Kaitlyn Lasater, hereby files its Omnibus Sentencing Position Regarding Defendant Matthew Joseph Brown.  This position addresses the sentencing in ED CR No. 22-088-AB for violations of 18 U.S.C.

1  § 2422(b) (Use of a Facility of Interstate Commerce to Attempt to

2  Induce a Minor to Engage in Criminal Sexual Activity) and 18 U.S.C.

3  § 1512(c)(1) (Obstruction of Justice) as well as a supervised release

4  violation in ED CR No. 14-125-VAP, which is a case where defendant is

5  on supervised release for a violation of 18 U.S.C. §§ 2252A(a)(5),

6  (b)(2) (Possession of Child Pornography).

7      This sentencing position is based on the attached memorandum of

8  points and authorities and accompanying Exhibit 1; the files and

9  records in ED CR No. 22-088-AB, including the United States Probation

10  and Pretrial Services Office's Presentence Investigation Report; the

11  violation petition in ED CR No. 14-125-VAP; and such further evidence

12  and argument as either Court may permit.  The United States

13  respectfully requests the opportunity to supplement its position or

14  respond to defendant or the Probation Office as may become necessary.

15  Dated: March 28, 2023               Respectfully submitted,

16                                      E. MARTIN ESTRADA
                                        United States Attorney
17
                                        MACK E. JENKINS
18                                      Assistant United States Attorney
                                        Chief, Criminal Division
19
                                        SEAN D. PETERSON
20                                      Assistant United States Attorney
                                        Chief, Riverside Branch Office
21

22                                         /s/ *Kaitlyn Lasater*
                                        _____
23                                      KAITLYN LASATER
                                        Special Assistant U.S. Attorney
24
                                        Attorneys for Plaintiff
25                                      UNITED STATES OF AMERICA

26

27

28

                                        2

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES...................................................2

MEMORANDUM OF POINTS AND AUTHORITIES...................................4

I.    INTRODUCTION....................................................4

II.   FACTUAL BACKGROUND FROM PSR AND EXHIBIT 1.......................5

      A.   CURRENT CONDUCT...........................................5

      B.   ATTEMPT TO MEET WITH MINOR FOR LEWD PURPOSE (CONV.
           2014).....................................................6

      C.   POSSESSION OF CHILD PORNOGRAPHY (CONV. 2015)..............7

III.  THE PRESENTENCE INVESTIGATION REPORT...........................7

      A.   OFFENSE LEVEL.............................................7

      B.   CRIMINAL HISTORY CATEGORY.................................8

      C.   GUIDELINES CALCULATION....................................8

IV.   THE UNITED STATES' POSITION ON THE PSR.........................8

V.    THE UNITED STATES' RECOMMENDED SENTENCE AND SECTION 3553(a)
      ANALYSIS......................................................11

      A.   NATURE, CIRCUMSTANCES, AND SERIOUSNESS OF THE OFFENSE....11

      B.   DEFENDANT'S HISTORY AND CHARACTERISTICS..................12

      C.   SUPERVISED RELEASE.......................................13

VI.   RECOMMENDATION FOR SUPERVISE RELEASE REVOCATION SENTENCE......14

VII.  IMPOSING THE $5,000 JUSTICE FOR VICTIMS OF TRAFFICKING ACT
      SPECIAL ASSESSMENT...........................................15

VIII.    CONCLUSION................................................16

# TABLE OF AUTHORITIES

**Federal Statutes**

Title 18, United States Code, Section 1512(c)(1)) ............... 4,

Title 18, United States Code, Section 2422(b) ............... passim

Title 18, United States Code, Section 2426(b)(1) ................. 9

Title 18, United States Code, Section 3014(a)(4) ............. 5, 15

Title 18, United States Code, Section 3583(k) ................... 13

Title 18, United States Code, Section 2252A(a)(5), (b)(2) ......... 7

**State Statutes**

California Penal Code, Section 288.4(b) ..................... 6,9,10

**Cases**

United States v. Graves, 908 F. 3d 137 (5th Cir. 2018)........... 15

United States v. Janatsch, 722 F. App'x 806 (10th Cir. 2018)...... 15

United States v. Kelley, 861 F. 3d 790 (8th Cir. 2017)........... 15

United States v. Lail, 736 F. App'x 381 (4th Cir. 2018)........... 15

United States v. Lee, 603 F. 3d 904 (11th Cir. 2010)............. 10

United States v. Murrell, 368 F. 3d 1283, 1285 (11th Cir. 2004).... 9

United States v. Shepherd, 922 F.3d 753 (6th Cir. 2019)........ 15,16

United States v. Strange, 692 F. App'x 346 (9th Cir. 2017)........ 15

United States v. Taylor, 640 F.3d 255 (11th Cir. 2011)........... 10

United States v. Yost, 479 F.3d 815 (11th Cir. 2007)............. 10

**United States Sentencing Guidelines**

United States Sentencing Guidelines, Section 3E1.1(a), (b)........ 7

United States Sentencing Guidelines, Section 4B1.5(a)(1) ... 7,8,10,11

United States Sentencing Guidelines, Section 4B1.5(b)............... 8

United States Sentencing Guidelines, Section 5D1.2(b)............. 13

**Jury Instructions**

Ninth Circuit Model Criminal Instructions (2010) 5.3............... 10

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

3        Defendant Matthew Joseph Brown ("defendant") is a predator who

4   has a well-documented sexual interest in children as shown by his

5   prior convictions for (1) attempting to meet children for sex and

6   (2) possession of child pornography.  Here, between February 8 and 9,

7   2022, defendant texted with an undercover agent that he believed was

8   a thirteen-year-old girl named "Adrian."  He repeatedly told "Adrian"

9   he wanted to engage in sex acts with her, which culminated with him

10  driving to Riverside to commit these sex acts with "Adrian."  He was

11  arrested at the meeting location and from jail he told his mom to

12  destroy the cellphone that contained evidence of his communications

13  with "Adrian," which she successfully did.  For these acts, defendant

14  is convicted in ED CR 22-088-AB of violating 18 U.S.C. § 2422(b), Use

15  of a Facility of Interstate Commerce to Attempt to Induce a Minor to

16  Engage in Criminal Sexual Activity, and 18 U.S.C. § 1512(c)(1),

17  Obstruction of Justice.  (Dkts. 1, 33.)[1]  This conduct is also the

18  basis of alleged violations of supervised release in ED CR 14-125-

19  VAP.

20        On January 27, 2023, the United States Probation and Pretrial

21  Services Office ("Probation") disclosed the Presentence Investigation

22  Report ("PSR," Dkt. 35).  The PSR determined a total Guidelines

23  offense level of 34 and Criminal History Category of V, with a

24  resulting Guidelines range of 235-293 months.  (PSR ¶¶ 19-32, 42,

25  103.)  Defendant's enticement conviction has a 10-year mandatory

26  minimum sentence.  18 U.S.C. § 2422(b).

27

28        [1] Unless otherwise noted, citations are to the record in ED CR
    22-088-AB.

4

The United States respectfully requests that the Court in ED CR 22-088-AB impose the following sentence: (1) a low-end sentence of 235 months' imprisonment,[2] (2) a lifetime term of supervised release, (3) $200 in mandatory special assessments, and (4) a $5,000 fine under the Justice for Victims of Human Trafficking Act of 2015 (18 U.S.C. § 3014(a)(4)).  As set forth in Section VI, <u>infra</u>, the United States ask the Court in ED CR 14-125-VAP to impose a low-end sentence on the supervised release violation.  Because of the balance of the overlap and the distinct harms between ED CR 22-088-AB and the violations of the Court's trust in ED CR 14-125-VAP, the United States asks that 1/2 of the sentence in the supervised release matter be served consecutive to the sentence in ED CR 22-088-AB.  This sentence is sufficient, but not greater than necessary to accomplish the goals of sentencing and balances the seriousness of defendant's crimes with his history and characteristics, and also considers promoting respect for the law and providing just punishment for the offenses, among other things.

## II.   FACTUAL BACKGROUND FROM PSR AND EXHIBIT 1

### A.   CURRENT CONDUCT

Starting on February 8, 2022, defendant communicated with "Adrian," an undercover agent that defendant believed was a thirteen-year-old girl.  (PSR ¶ 6.)  Defendant suggested that the two meet up so he could show her off and so she could "suck" his "big cock." (PSR ¶ 8.)  Defendant told her that she could learn on him and he would

---

[2] Defendant objects to the Total Offense Level and Criminal History Category calculations.  If the Court agrees with defendant, his history and characteristics and the conduct here support a variance to a 235-month sentence. In other words, no matter the calculations reached by the Court, the sentence in ED CR 22-088-AB should be 235 months' imprisonment.

train her.  (Id.)  The undercover agent asked how defendant would train her and he responded, "Have u suck my cok and lick my my cock shaft and balls.  Slowly use ur throat and pull ur top off to look at ur tits in a push up bra.  Then cum in your mouth and maybe on ur face.  Then take u out to show u off in ur low cut shirt and do it again."  (Id.)  The next day, defendant told "Adrian" he was at work waiting for her to tell him a place and time to meet.  (PSR ¶ 9.) They ultimately agreed to meet at a Taco Bell in Riverside.  (Id.) Defendant said he would arrive at 3:30 p.m. and wouldn't have access to his Kik messenger account (the account he used to set up this meeting for sex acts), so "Adrian" should look for a bright blue truck.  (Id.)  Defendant showed up to the location at the agreed upon time.  (PSR ¶ 10.)  After defendant was arrested and booked in jail, he called his mother.  (PSR ¶ 12.)  Defendant told his mother to go to his work and look in his lunch box and get rid of what was inside. (Id.)  He told her it needed to "disappear."  (Id.)  Defendant's girlfriend had taken photos of the chats between defendant and "Adrian" on the phone found in the lunchbox and his mom ultimately smashed it with a hammer.  (PSR ¶ 13.)  She destroyed his phone that had communications with "Adrian."

**B.   ATTEMPT TO MEET WITH MINOR FOR LEWD PURPOSE (CONV. 2014)**

On November 18, 2014, defendant was convicted in Los Angeles County for violating California Penal Code § 288.4(b), Attempt to Meet a Minor for Lewd or Lascivious Purpose.  (PSR ¶ 37.)  On May 10, 2014, defendant responded to a Craigslist advertisement posted by an undercover agent.  (PSR ¶ 37; Exhibit 1.)  Defendant explained a desire to meet the undercover's fourteen-year-old daughter and said he wanted to "[j]ust look, maybe touch and feel . . . .  May let her

suck my c***."  (Id.)  Defendant explained a willingness to wear a
condom with the child.  (Id.)  Defendant told the undercover agent
that this was not his first time and he had done it "once before and
it went great.  That's why Iv been looking since."  (Id.)  Defendant
arrived at a motel to meet the undercover agent's daughter and
admitted to making arrangements via Craigslist to meet the minor and
have her perform oral sex.  (Id.)

### C.   POSSESSION OF CHILD PORNOGRAPHY (CONV. 2015)

On April 18, 2015, defendant was convicted of a violation of 18
U.S.C. §§ 2252A(a)(5), (b)(2), Possession of Child Pornography.  (PSR
¶ 38.)  Defendant was on supervised release in February 2022 in ED CR
14-125-VAP when he committed the two pending felonies in ED CR 22-
088-AB.  On January 11, 2011, defendant's girlfriend discovered email
messages on defendant's email account.  (Id.)  The emails showed that
defendant developed a plan with a father to to travel to Seattle to
have sex with his thirteen-year-old daughter. (Id.)  Defendant also
possessed 80 images of child pornography.  Those images included
depictions of adults sexually penetrating prepubescent children,
specifically a toddler and an infant.  (Id.)

## III. THE PRESENTENCE INVESTIGATION REPORT

On January 27, 2023, Probation disclosed the PSR to the parties.
(Dkt. 35.)

### A.   OFFENSE LEVEL

In the PSR, Probation concluded that the appropriate offense
level is 34.  Probation's offense level calculation is as follows:

Base Offense Level:          37   [U.S.S.G. § 4B1.5(a)(1)(b)]
Acceptance of Responsibility: -3  [U.S.S.G. §§ 3E1.1(a), (b)]
_____
TOTAL:                       34
(PSR ¶ 29-32.)

1

**B.   CRIMINAL HISTORY CATEGORY**

2    The PSR concluded that defendant is in Criminal History Category

3  V.  (PSR ¶ 42.)  Defendant is placed in this Criminal History

4  Category due to being a repeat and dangerous sex offender against

5  minors.  (Id.)

6

**C.   GUIDELINES CALCULATION**

7    Probation determined that with a Total Offense Level of 34, and

8  Criminal History Category of V, the resulting Guidelines range is

9  235-293 months.  (PSR ¶ 103.)

10 **IV.  THE UNITED STATES' POSITION ON THE PSR**

11   The United States has no objection to the PSR's Guidelines and

12 Criminal History Calculations.[3]

13   Indeed, the Court should calculate the offense level and

14 criminal history category consistent with § 4B1.5(a).  These

15 calculations apply when (1) a defendant's instant offense of

16 conviction is a covered sex crime and (2) defendant committed the

17 instant offense of conviction subsequent to sustaining at least one

18 sex offense conviction.

19   Concerning requirement one, as set forth in Application Note 2

20 to § 4B1.5, "the instant offense of conviction must be a covered sex

21 crime, i.e.: (A) an offense, perpetrated against a minor, under . . .

22 (iii) chapter 117 of such title, not including transmitting

23 information about a minor of filing a factual statement about an

24 alien individual; . . . or (B) an attempt or a conspiracy to commit

25

26    [3] As noted, defendant objects to the Total Offense Level and
   Criminal History Category calculations.  If the Court determines that
27 § 4B1.5(a) does not apply, then it should apply a five-level upward
   adjustment under § 4B1.5(b).  In the alternative, if the Court agrees
28 with defendant's calculations, a variance is warranted to a 235-month
   sentence.

any offense [just described]."  A violation of 18 U.S.C. § 2422(b) (Use of a Facility of Interstate Commerce to Attempt to Induce a Minor to Engage in Criminal Sexual Activity) is a covered sex crime because it is listed in Chapter 117.

As for the second requirement, Application Note 3(A)(ii) to § 4B1.5 explains, a "sexual offense conviction" includes "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor."  An offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)," includes a violation of 18 U.S.C. § 2422(b).[4]  Furthermore, discussions with an adult intermediary (compared with a child directly) is sufficient for a conviction under this section.[5]

The defendant was convicted of a violation of California Penal Code § 288.4(b) in 2014.  The facts of that offense are eerily similar to the offense at hand.  Defendant targeted a thirteen-year-old minor in the prior case online through an undercover agent acting as the minor's father.  Defendant arranged to meet the minor to have her "suck" his "c***."  Concerning the instant criminal conduct, defendant targeted "Adrian," an undercover agent acting online as a thirteen-year-old child and arranged to meet her to have her "suck"

---

[4] Offenses described in 18 U.S.C. § 2426(b)(1)(A) and (B), include an offense "under this chapter" (which is Chapter 117) or "under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in subparagraph (A) if the conduct had occurred within special maritime and territorial jurisdiction of the United States." (emphasis added.)  For purposes of the analysis here, as shown in Exhibit 1, defendant's conduct could have been charged under Chapter 117 with a violation of 18 U.S.C. § 2422(b), which includes attempt offenses.

[5] See United States v. Murrell, 368 F. 3d 1283, 1285 (11th Cir. 2004), where the court affirmed a conviction under § 2422(b) when a defendant used the internet to communicate with an undercover agent posing as an adult intermediary who would arrange for the defendant to engage in various unlawful sexual activities with a minor.

his "cock."  Defendant showed up to the location in both the prior

2014 offense and current offense 2022.  Defendant's <u>conduct</u> for his

prior conviction for a violation of California Penal Code § 288.4(b)

is equivalent to a violation under 18 U.S.C. § 2422(b).  Therefore,

the prior conviction qualifies under § 4B1.5.

Defense cites <u>United States v. Taylor</u>, 640 F.3d 255 (11th Cir.

2011) to argue that a qualifying conviction requires completed and

actual sexual touching.  He also generally argues that the Court must

engage in a categorical approach with the 2014 conviction in order to

apply § 4B1.5(a).  Both of these propositions are simply incorrect.

As explained earlier in this section, a state conviction can be a

qualifying conviction if the <u>conduct</u> for that offense would be a

violation of § 2422(b).  Second defendant's argument about completed

vs. incomplete conduct is a distraction.  Indeed, the <u>Taylor</u> Court

even mentioned that "section 2422(b) explicitly punishes an attempt

just as severely."  (640 F.3d at 257.)  Here, the <u>conduct</u> defendant

intended to commit in 2014 was oral sex -- not masturbation, not lewd

exhibition of genitals, and not flirting.  Attempt convictions under

§ 2422(b) only require a substantial step towards committing this

sexual offense, not a completed act.  (Ninth Circuit Model Criminal

Instructions (2010) 5.3.)  To be clear, courts have found a

substantial step even under facts where defendant never travels to

meets the victim.  (See <u>United States v. Yost</u>, 479 F.3d 815, 820

(11th Cir. 2007) (disagreeing with defendant that "failure to arrive

at the meeting place precludes a finding of a substantial step");

<u>United States v. Lee</u>, 603 F.3d 904, 915 (11th Cir. 2010) (stating

"firm plans to travel" were not required.)  Therefore, defendant

committed a crime that could have been charged under this section in

2014.  He committed essentially the exact same crime under the exact same set of facts as in ED CR 22-088-AB.

Accordingly, the Court should apply the calculations proscribed in § 4B1.5(a), resulting in a base offense level of 37 and criminal history category of V.

## V.   THE UNITED STATES' RECOMMENDED SENTENCE AND SECTION 3553(a) ANALYSIS

The United States respectfully requests that the Court in ED CR 22-088-AB impose the following sentence: (1) a low-end sentence of 235 months' imprisonment, (2) a lifetime term of supervise release, (3) $200 in mandatory special assessments, and (4) a $5,000 fine under the Justice for Victims of Trafficking Act of 2015.

### A.   NATURE, CIRCUMSTANCES, AND SERIOUSNESS OF THE OFFENSE

The offense here warrants Guidelines sentence (specifically 235 months' imprisonment) at the heighted Guidelines range that is applicable based on defendant's prior criminal history.  Defendant's conduct here is deeply troubling.  He believed he was messaging with a 13-year-old girl and suggested the two meet up so he could show her off and so she could "suck" his "big cock."  (PSR ¶ 8.)  Defendant appears to be on a constant hunt for sex with minor children.  He is a predator.  Defendant acutely knew the wrongfulness of his actions because he had a second cellphone so Probation would not detect his attempts to meet with children and continued repeated violations of his supervised release terms.  He left the phone at work when he showed up to the location to meet the minor.  In aggravation, he then told his mother to destroy the phone that contained evidence of the enticement crime.  During the communications with the undercover agent, defendant was never deterred by the child's young age and

instead offered to teach her how to do sexual acts, such as oral sex. Defendant told her that she could learn on him and he would train her. (Id.) The undercover agent asked how defendant would train her and he responded, "Have u suck my cok and lick my my cock shaft and balls. Slowly use ur throat and pull ur top off to look at ur tits in a push up bra. Then cum in your mouth and maybe on ur face. Then take u out to show u off in ur low cut shirt and do it again." (Id.) Instead of being deterred lack of experience, let alone her age, defendant instead wanted to rob the child of her innocence. Defendant is also apparently undeterred from prior convictions for similar offenses and even prison sentences for this type of conduct. Defendant's sentence should reflect the disturbing and serious nature of his crime and continued exploitation of children. The Court should impose the 235-month -- a within Guidelines sentence at the properly calculated Guidelines range.

**B.    DEFENDANT'S HISTORY AND CHARACTERISTICS**

Any mitigation present in the PSR or otherwise presented by defendant at sentencing is vastly outweighed by aggravation in his history and characteristics. Accordingly, a 235-month sentence appropriate balances and considers defendant's history and characteristics.

Defendant's conduct for the instant offenses took place while he was on supervised release for possessing child pornography in case ED CR 14-00125-VAP. He actually had a GPS anklet on when he was arrested. Defendant also has a prior conviction in Los Angeles County from 2014, which was based on almost the exact set of circumstances as the enticement conviction for which he is set to be sentenced here. Defendant attempted to meet a thirteen-year-old

child for sex and admitted in that case that this was not his first time.  (PSR ¶ 37.)  His previous sentences and status under supervision did not deter him or protect the community.  Furthermore, defendant had numerous violations while on supervised release, including many attempts to obtain child pornography and actual possession of child pornography which violated the terms of his sex offender treatment program.  (PSR ¶ 38.)  Defendant now claims to be interested in this sex offender treatment program although the past proves otherwise.

His predatory acts, both through electronic communications and in person, have become a pattern in defendant's life.  The Court in ED CR 22-088-AB should impose a 235-month sentence.

### C.   SUPERVISED RELEASE

The Court in ED CR 22-088-AB should impose supervised release for life.  Recidivism is a concern.  Congress explained when amending 18 U.S.C. § 3583 that "[s]tudies have shown that sex offenders are four times more likely than other violent criminals to recommit their crimes.  Moreover, the recidivism rates do not appreciably decline as offenders age . . . .  While any criminal's subsequent re-offending is of public concern, preventing sexual offenders from re-offending is particularly important, given the irrefutable and irreparable harm that these offenses cause victims and the fear they generate in the community."  H.R. Rep. 107-527.  The Court is authorized to impose a life-time period of supervised release under 18 U.S.C. § 3583(k).  In fact, according to the "Policy Statement" in U.S.S.G. § 5D1.2(b), "If the instant offense of conviction is a sex offense, . . . <u>the statutory maximum term of supervised release is recommended</u>." (emphasis added.)  Defendant received 20 years of supervise release

1  in his prior case which he is facing revocation (ED CR 14-125-VAP).

2  Defendant promptly violated the terms with this new offense following

3  other serious violations.  A lifetime period of supervised release is

4  necessary in light of the specifics of this case and the history and

5  characteristics of defendant.

6      Defendant's recidivism is undeniable, considering the conduct

7  outlined in the PSR and with his being on supervised release for

8  possession of child pornography when he committed the instant

9  offenses.  The Court in ED CR 22-088-AB should impose a lifetime term

10 of supervised release.

11 **VI.   RECOMMENDATION FOR SUPERVISE RELEASE REVOCATION SENTENCE**

12      There is an amended supervised release violation petition in ED

13 CR 14-125-VAP, in which allegations four and five concern committing

14 the crimes of Use of a Facility of Interstate Commerce to Attempt to

15 induct a Minor to Engage in Criminal Sexual Activity and Obstruction

16 of Justice, respectively, on or about February 9, 2022.  The United

17 States anticipates the defendant will admit the allegations in the

18 amended supervised revocation petition which is based off the

19 convictions in ED CR 22-088-AB.  The United States recommends a low-

20 end custodial term of imprisonment in ED CR 14-125-VAP.  The United

21 States, however, requests that 1/2 of the sentence in the supervise

22 release matter (ED CR 14-125-VAP) run consecutive to the sentence in

23 case EDC CR 22-00088-AB.  Having 1/2 of the supervised release

24 sentence run consecutive to the sentence in ED CR 22-088-AB balances

25 the overlap between the conduct supporting the new sentence and the

26 amended supervised release petition with the distinct harm in the ED

27 CR 14-125-VAP case (violation of the Court's trust).  Defendant's

28 supervised release for Possessing Child Pornography imposed on him

the obligation not to commit new crimes.  Not only did defendant commit new crimes (enticement and obstruction), but the enticement crime is an increase in severity from the possession of child pornography crime for which he had supervised release.  To be clear, his new criminal conduct involved exploitation of children at an even more serious level.  Half of the custodial sentence in ED CR 14-125-VAP should run consecutive to the sentence in ED CR 22-88-AB.

## VII.  IMPOSING THE $5,000 JUSTICE FOR VICTIMS OF TRAFFICKING ACT SPECIAL ASSESSMENT

Under the JVTA, the Court "shall" impose a $5,000 assessment on any non-indigent person convicted of an offense in Chapter 117, like defendant's crime.  18 U.S.C. § 3014(a)(4).  It is defendant's burden to show indigence and if he does not meet that burden, there is "no room for discretion" and the special assessment must be imposed.  United States v. Shepherd, 922 F.3d 753, 757 (6th Cir. 2019).

Courts generally consider both the defendant's current ability to pay and the defendant's earnings capacity to resolve whether a defendant is indigent.  See, e.g., United States v. Strange, 692 F. App'x 346, 349 (9th Cir. May 18, 2017) ("Because [defendant's] capacity to work is relevant to whether he can comply with a three-year payment plan, the district court properly took into account that [defendant] was 'able-bodied,'" affirming the imposition of the $5,000 special assessment); United States v. Graves, 908 F.3d 137, 138 (5th Cir. 2018); United States v. Kelley, 861 F.3d 790, 802 (8th Cir. 2017); United States v. Janatsch, 722 F. App'x 806, 811 (10th Cir. Jan. 26, 2018); United States v. Lail, 736 F. App'x 381, 382 (4th Cir. June 8, 2018) (per curiam).

The Sixth Circuit has described the indigence inquiry as "(1) Is the defendant impoverished now; and (2) if so, does the defendant have the means to provide for himself so that he will not always be impoverished?" Shepherd, 922 F.3d at 758 (emphasis in original). "Because the defendant's obligation to pay persists for at least twenty years after his sentencing, it would make little sense for the district court to consider only the defendant's financial condition at the time of sentencing. That snapshot in time may not accurately represent the defendant's condition five, ten, or twenty years after sentencing." Id. (emphasis in original). "[W]hen evaluating whether a defendant is indigent for purposes of his ability to pay $5,000 over the span of twenty years, it would be nonsensical for a court to limit itself to considering only a defendant's immediate ability to pay." Graves, 908 F.3d at 142-43.

Defendant is not indigent and will not be in the future. He has retained counsel. He has extensive work history, even after having been previously convicted of sex offenses. Based on his skills, he will have an ability to earn money in the 20 years following his release. Thus, the Court must impose the $5,000 assessment under the JVTA.

**VIII.    CONCLUSION**

The United States respectfully requests that the Court in ED CR 22-088-AB impose the following sentence: (1) a low-end sentence of 235 months, (2) a lifetime term of supervised release, (3) $200 in mandatory special assessments, and (4) a $5,000 fine under JVTA. As set forth in Section VI, supre, the United States ask the Court in ED CR 14-125-VAP to impose a sentence where 1/2 of it runs consecutive to the sentence in ED CR 22-088-AB.

16

# EXHIBIT 1

**ARREST REPORT**

| BKG. NO. | BOOKING NO. 398041 | I.JO. | LOC. BKD. 4212 | DR. LIC. NO. | STATE CA | MT Y | SUF. | EVID. RPT. [X] | CRIME RPT. [X] | DR 1499 14484 | LA |

ARRESTEE'S LAST NAME **BROWN** FIRST **MATTHEW** MIDDLE **JOSEPH**

CU

ADDRESS | APT NO.

CITY | STATE CA

MAIN

VICTIM'S NAME

| SEX M | DESCENT W | HAIR BRO | EYES BRO | HEIGHT 602 | WEIGHT 220 | BIRTHDATE | AGE 29 |

CDC #   PROBATION #

VEHICLE LIC. NO. | STATE | R.D. 1211 | AKA: LAST-FIRST-OR NICKNAME

A.I. | CWWS | WARR | AJIS | RLSE | PAC | AWDI

BIRTHPLACE **FONTANA CA** UNK US

PROB. INV. UNIT 37 | JUV. DETAINED AT | AD. CHG. N

DR: 14-00-14484

**ADMONITION OF RIGHTS** (WHEN APPLICABLE)

THE ADMONITION OF RIGHTS WAS READ VERBATIM PER FORM 15.03.00 BY:

See pg 6. for Admonition of Rights

| DIVISION 4237 | DETAIL ARRESTING JUV | DATE ARRESTED 051014 | TIME ARR. 2330 | TIME BKD. 0202 |

LOCATION OF ARREST **5665 7TH AV**

BAIL 75000 | TOTAL BAIL 75000

NAME **Schlund #35549** SERIAL NO.

TYP. F | CHARGE & CODE **288.4(B)PC** DEFINITION **ARNG TO MET MINO**

WARRANT NO. ☆

ADDITIONAL CHARGES (ON ADDL. WARRS. LIST NO., COURT, AND BAIL, INCL. P.A.)    DPU MAY 3 1 2014 1 2 42

SOCIAL SECURITY NO. 624288158

| ARRAIGN. DATE | TIME | COURT | LOCATION CRIME COMMITTED SAA | R.D. SAME | RESIDENCE PHONE NO. 909 2292144 |

EMPLOYER / SCHOOL **SOURCE PREP & FAB**

OCCUPATION / GRADE **MECHANIC** | PHY. ODD. **NON VIS**

CLOTHING WORN **BLK JKT,BLK SHRT,BUR PNTS,BLK**

EXACT LOCATION / DISPOSITION ARRESTEE'S VEHICLE **Parked at scene** | HOLD FOR:

LIST CONNECTING RPTS. BY TYPE & IDENTIFYING NOS.

VEHICLE USED (YEAR, MAKE, MODEL, TYPE, COLORS, LIC. NO., ID MARKS) **'13 Mitsubishi Lancer, 4 dr, Gry.**

PASSENGERS P/F DEPOSITED

COMPLAINTS / EVID. OF ILLNESS / INJ-BY WHOM TREATED

DRIVING VEH. (DIRECTIONS & NAME OF STREET) AT OR BETWEEN STREETS ? **7th St & Pacific Coast Hwy**

$

**INVOLVED PERSONS** Code: V: VICTIM W: WITNESS P/A: ARRESTING PRIVATE PERS. TO: PERSON OWNER R: PERSON RPTG. 459: S - PERSON SECURING D - PERSON DISCOVERING JUV: P - BOTH PARENTS G - GUARDIAN

| NAME | V & WS | SEX | DESC. | D.O.B. | ADDRESS | CITY | ZIP | PHONE | DAY | X |
| | | | | | R | | | | | |
| | | | | | B | | | | | |
| | | | | | E-MAIL | | | CELL | | |
| | | | | | R | | | | | |
| | | | | | B | | | | | |
| | | | | | E-MAIL | | | CELL | | |
| | | | | | R | | | | | |
| | | | | | B | | | | | |
| | | | | | E-MAIL | | | CELL | | |

**COMBINED CRIME REPORT** | IF MULTI. ARRESTEES THIS SECTION & ABOVE CRIME RPT. CHECK BOX IS COMPLETED ON ONLY ONE FACE SHEET.

TYPE OF OFFENSE **Meeting Minor for Sex 288.4(b)PC** | VICT'S OCCUPATION

| DATE AND TIME CRIME OCCURRED **05/10/14 2330** | TYPE PROPERTY | TOTAL $ | EST. DAMAGE $ | TYPE PREMISES **Motel** |

459 / BFD ONLY-POINT AND METHOD OF ENTRY | WEAPON / FORCE / INSTRUMENT USED | TFV / BFV ONLY - VICT'S VEH. (YR., MAKE, TYPE, LIC.)

MO (UNIQUE ACTIONS)

**Susp responded to Craigslist ad and indicated a desire to have 14 yo female orally cop his pens. Susp traveled to meet location for sex w/ minor.**

GANG RELATED [ ] | MOTIVATED BY HATRED / PREJUDICE [ ] | DOMESTIC VIOLENCE [ ] | MANDATORY MARSY'S RIGHTS CARD PROVIDED TO THE VICTIM [ ]

**COMBINED EVID. RPT.** | USE THIS SECTION IN LIEU OF PROPERTY REPORT IF ONLY ONE ARRESTEE, NO GUN, AND NO MORE THAN 2 ITEMS OF EVID. | LOC. EVID. BKD. **77th** | 10.10.00 GIVEN? @ N | Preliminary Drug Test | SUPV / INV. OFCR. TESTING | SERIAL NO. | DIV.

| ITEM 1 | QUAN. 1 | ARTICLE **Smartphone** | SERIAL NO. / TYPE TEST OF DRUG | BRAND / DRUG WEIGHT UNITS **Apple** | MODEL NO. / DRUG TEST RESULTS **A1349** | MISC. **Wht, w/ cracked screen** |

**APPROVAL / REPORTING OFFICERS**

SUPERVISOR APPROVING REPORT | SERIAL NO. 2817

DATE & TIME REPRODUCED 5/13/14 1329 | DIV. 37 | CLERK Jm

RAP SHEET ATTACHED [X] YES [ ] NO

REPORTING OFFICER **Schlund** | SERIAL NO. 35549 | DIV. & DETAIL **Juv/8K328** | VACATION **Past**

(P.P. ARREST OFCR. BKG. EVID. IF LISTED ON THIS PAGE)

**JUVENILE DISPO.** | Petition Request: [ ] | [ ] DETAINED [ ] RELEASED [ ] NON-BOOK [ ] NON-BOOK WARR.

INVEST. OFCR. | SERIAL NO. | DIV.

FINAL CHARGE, IF DIFFERENT THAN ORIGINAL (SECTION, CODE & DEFINITION) | IF REFERRED, AGENCY & PERSON ACCEPTING REFERRAL | PROPERTY BOOKED? Y N / IF YES, 10.00.00 COMPLETED? Y N | SUPERVISOR APPROVING | SERIAL NO.

JUV. COORD. REVIEWING | SERIAL NO.

| 11 [ ] C & R | 13 [ ] EXON-INNOCENT | 04 [ ] CYA | 18 [ ] JUV. TRAF. MISD. | 16 [ ] DCFS |
| 11 [ ] ACTION SUSP. | 10 [ ] REL-INSUF. EVID. | 03 [ ] PROBATION | 17 [ ] FIRE DEPT. | [ ] OTHER |
| 14 [ ] PROVED ADULT | 03 [ ] COMMUNITY SERVICE | 05 [ ] OTH. LAW ENF. AGENCY | 10 [ ] DEPT. MENTAL HEALTH |

DATE / TIME DISPO. REPROD. | DIV. / CLERK

05.01.02 (11/11)    **INC # 14051000372    ARREST REPORT**

Los Angeles Police Department

## CONTINUATION SHEET

| PAGE NO. | TYPE OF REPORT | | | | BOOKING NO. | DR NO. |
|---|---|---|---|---|---|---|
| 2 | Arrest / Arranging to Meet a Minor for Sex | | | | 3967041 | 149914484 |

| ITEM NO. | QU AN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VALUE |
|---|---|---|---|---|---|---|---|

**Susp:** Brown, Matthew Joseph      **dob:**          **Charge:** 288.4 PC -- Arranging to Meet a Minor for Sex

### Source of Activity

I, Detective Schlund, Serial Number 35549, am currently assigned to the Los Angeles Police Department's Internet Crimes Against Children Task Force. On May 10, 2014, I participated in a multi-agency operation, led by the LAPD's Juvenile Davison, seeking to apprehend adults who were attempting to use the Internet to facilitate the sexual exploitation of minors.

The agencies involved in this operation included the LAPD Juvenile Division, the Long Beach Homeland Security Investigations - Child Exploitation Investigation Group (HSI - CEIG), the Long Beach Police Department's Vice Field Investigation's Detail, the Department of Children and Family Services (DCFS), and California State Parole.

Incident # 140510003172

### Investigation

From my training and experience, I know that Craigslist is a community moderated online advertisement forum, frequently used by sex offenders to identify and meet minors for sexual exploitation. Within Craigslist, individuals are able to post personal advertisements, typically seeking to meet other, similarly oriented individuals. As part of an undercover operation, I posted the following undercover personal advertisement in the, "man and woman for man," section of Craigslist:

**Family Oriented Single Dad seeking like minded - mw4m (los angeles)**

*We know you're out there! Single, open-minded dad here looking to hook up with like minded. Clean and discreet an absolute must. In the subject heading of your response, let us know what your favorite series is so we know you're on the same page.*

*Serious inquiries only.*

Shortly after placing the undercover personal advertisement, I received a message from a Craigslist user, later identified as Suspect Michael Brown, on May 10, 2014. In his initial response, Brown indicated his willingness to engage the UC's 14 year old female minor in explicit sexual acts:

Brown:      *If your into anything like this let me know.  I AM REAL looking to meet and play.  Hope to here from you.  Matt*

UC:         *Just a little about myself.  A single dad, on vacation in Long Beach with my 8 yo son and 14 yo dau.  Glad that you're real.  How did you want to play?*

**CONTINUATION SHEET**

Los Angeles Police Department

| PAGE NO. 3 | TYPE OF REPORT Arrest / Arranging to Meet a Minor for Sex | | | | BOOKING NO. 3967041 | DR NO. 149914484 |
|---|---|---|---|---|---|---|
| ITEM NO. | QU AN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VALUE |

Brown:   *Maybe I can come down and meet you all, and see what happens,  does ur lil girl dress sexy?*

UC:   *what's sexy for you?*

Brown:   *Maybe seethrew yoga pants, some sexy panties and maybe braless in her shirts alot.    Kinda simple.  Nothing overdone*

UC:   *cool, that can be done.  What did you want to do with my dau?*

Brown:   *Just look,  maybe touch and feel.....  Maybe let her suck my cock...*

UC:   *cool. you clean?  have you done this before?  if you haven't that's cool.  i just need to know....*

Brown:   *Yes yes yes I'm clean,  :)  I have once before and it went great. That's why Iv been looking since*

UC:   *nice. well, unless you have a med screening form, i have to ask that you use condoms.  Is that a deal breaker?*

Brown:   *Not at all*

During a subsequent email message, Brown revealed that he used phone number (909) 229-2144.  I subsequently contacted Brown, assuming the UC persona, and confirmed that he intended to meet the UC's 14 year old daughter and have her orally copulate his penis.  The suspect also indicated that he drove a gray, 4 door, Mitsubishi Lancer.

During another email message, Brown emailed a photo purportedly depicting himself.  The image depicted a middle aged Caucasian male, with a shaved head and beard, wearing sunglasses.


• **Undercover Operation**

On May 10, 2013, members of the Los Angeles Police Department's Internet Crimes Against Children Task Force, in conjunction with the Long Beach Police Department, conducted an undercover operation at a motel located at 5665 7th Street, Long Beach, California.  At approximately 2330 hours, Brown drove and parked his vehicle, a Gray, 4 door Mitsubishi Lancer, Lic # 6ZYG379, in the parking lot of the motel located at 5665 7th Street.  Brown was subsequently detained by  Long Beach Police Department Officers Sean Irving, James Kloss, and Jesse Flagoso, with Officer Sean Magee handcuffing Brown.  At the time of his arrest, Brown made no spontaneous statements but began weeping.


**Arrest/Booking**

## CONTINUATION SHEET

Los Angeles Police Department

| PAGE NO. | TYPE OF REPORT | | | | BOOKING NO. | DR NO. |
|---|---|---|---|---|---|---|
| 4 | Arrest / Arranging to Meet a Minor for Sex | | | | 3967041 | |

| ITEM NO. | QU AN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VALUE |
|---|---|---|---|---|---|---|---|

Matthew Brown was arrested at scene for 288.4 (b) PC -- Arranging to Meet a Minor for Sex, and was transported to 77th Division jail for booking. Brown was subsequently booked at 77th Division Jail for 288.4 (b) PC -- Arranging to Meet a Minor for Sex, with booking advice from Detective III Escontrias, Serial Number 24189, and approval from Sgt. Alaniz, Serial Number 26356.

### Injury / Medical Treatment

Brown was treated at the 77th Dispensary for preexisting medical conditions.

### Photos, recordings, Videos, DICV and Digital Imaging

After transporting Brown to 77th Division for Booking, my partner, Officer Good, Serial Number 36117, and I interviewed Brown. I advised Brown of his Miranda rights. Brown indicated that he understood his rights and agreed to speak with my about my investigation.

Brown admitted to communicating with an individual on Craigslist and making arrangements to travel to the minor's location to have the minor perform oral sex on his penis. Brown said he never intended to engage in any sexual acts with the minor, explaining that he was simply, "curious," and wanted to see if the father and daughter truly existed. Brown also said that he did not purchase any condoms to facilitate the sexual act.

The interview was digitally recorded.

### Evidence

During a search incident to arrest, Long Beach Police Department Officer Sean Irving recovered an Apple iPhone from the front passenger seat of Brown's vehicle. The phone's screen was cracked and damaged prior to seizure by Officer Irving. A search of that phone incident to arrest revealed that the most recent received call was from a phone number associated with the UC's profile. The phone was later booked as evidence and a 10.10 property receipt was given to Brown.

No other items of evidentiary value were located during that search incident to arrest.

### Canvassing

Not applicable

**CONTINUATION SHEET**

Los Angeles Police Department

| PAGE NO. | TYPE OF REPORT | | | | | BOOKING NO. | DR NO. |
|---|---|---|---|---|---|---|---|
| 5 | Arrest / Arranging to Meet a Minor for Sex | | | | | 3967041 | |

| ITEM NO. | QU AN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VALUE |
|---|---|---|---|---|---|---|---|

## Court Information

I, Detective Schlund, can testify to the previously detailed investigation.

## Additional

Given the absence of a live victim, a Marcy's Rights Pamphlet was not distributed.

Brown's vehicle was left at scene.

LOS ANGELES POLICE DEPARTMENT
## INVESTIGATIVE ACTION / STATEMENT FORM

Page 6 of 6

| Tape No. | | If recording an officer's action, complete shaded areas and statement section only. | | Inc. No. 14051000 | DR or Bkg. No. 149914484 |
|---|---|---|---|---|---|
| Witness No. | | | | | |

| Name BROWN, MATTHEW JOSEPH | Date/Time of Interview 05/10/14  1230 | Location of Interview 77TH  DIV | |
|---|---|---|---|
| Residence Address | City | Zip Code | Phone |
| Business Address | City | Zip Code | Phone |

| Sex M | Descent WHT | Hair BRO | Eyes BRO | Height 602 | Weight 225 | DOB | Age. 29 | Driver Lic. No/Other ID | | State CA |
|---|---|---|---|---|---|---|---|---|---|---|
| Interviewing/Reporting Officer SCHLUND   GOOD | | | | | | Serial No. 35549 | | | Division JUV |

Officer Completing SCHLUND    Serial No. 35549

**MIRANDA ADMONITION**
1. You have the right to remain silent.
   Do you understand?   YES  *mjb*
2. Anything you say may be used against you in court.
   Do you understand?   YES  *mjb*
3. You have the right to the presence of an attorney before and during any questioning.
   Do you understand?   YES  *mjb*
4. If you cannot afford an attorney, one will be appointed for you, free of charge, before any questioning if you want.
   Do you understand?   YES  *mjb*
   If a waiver is desired:   ~~I GUESS~~ . *mjb*
   Do you want to talk about what happened?   I GUESS  *mjb*

Statement: Include who, what, when, where, why, and how.

I answered an ad on Craigslist to meet someone, we talked
about fantasys, Never brought anything for anything serious, Just
wanted to drive and see if this are true, to really talk to
someone, we exchangea ~~fatasy~~ fantasy stories. ~~that~~ I made up
and I thought he made up, also I donot remember exactly what
was ~~said~~ threw our email. ~~that~~

PAGE  1  OF  1                    LOS ANGELES POLICE DEPARTMENT

# RECEIPT FOR PROPERTY TAKEN INTO CUSTODY
## * SAVE THIS RECEIPT*

| DATE | TIME | | DR NUMBER |
|---|---|---|---|
| 05-11-2014 | 1:00 | | 14-9914484 |

☐ ADDRESS    ☑ LOCATION PROPERTY TAKEN INTO CUSTODY

5665 7TH STREET LONG BEACH CA

NAME OF PERSON IN POSSESSION OF PROPERTY (LAST, FIRST, MI)
**BROWN, MATHEW**

| ADDRESS | STREET | CITY | ZIP |
|---|---|---|---|
| JUVENILE | | RANCHO CUCAMOUNGA | |

| BOOKING NUMBER | CHARGE | CAL DL, OR OTHER ID NO. |
|---|---|---|
| 3967041 | 288.4(B) pc | |

OTHER IDENTIFYING INFORMATION                    ITEM NUMBERS ON PROPERTY REPORT

| PROPERTY TAKEN - DESCRIPTION | | GIVE EXACT AMOUNT OF CASH  $ | | | |
|---|---|---|---|---|---|
| QUAN. | ARTICLE | SERIAL NO. | BRAND | MODEL NO. | MISC., COLOR, SIZE, INSCRIPTION, CALIBER, ETC. |
| 1 | CELLULAR PHONE | | APPLE | A1349 | I PHONE WHT IN COLOR  CRACKED |
| | | | | | |
| | | | | | |

PROPERTY BOOKED TO - SAME AS POSSESSOR ☑

DIVISION OF BOOKING
**JUVENILE**

| SIGNATURE OF OFFICER ISSUING    *Schlund* | SERIAL NUMBER | DIVISION | DETAIL |
|---|---|---|---|
| | 35549 | JUVENILE | ICAC |

**THIS RECEIPT DOES NOT CONSTITUTE RECOGNITION OF LEGAL TITLE TO ABOVE PROPERTY**

SIGNATURE OF PERSON IN POSSESSION OF PROPERTY (OPTIONAL)

10.10.00 (10/13)                    **PROPERTY RELEASE (COMPLETE NEXT PAGE)**

FOR INFORMATION REGARDING PROPERTY RELEASE, CONTACT THE DETECTIVE DIVISION INDICATED BY AN "X" BELOW, BETWEEN THE HOURS OF 7:30 A.M. AND 3:30 P.M., MONDAY THROUGH FRIDAY.

Contact information for LAPD Detective Divisions is also available at www.lapdonline.org or by calling (877) ASK-LAPD.

If your address changes or you have no permanent address, it is your responsibility to contact the appropriate detective Area after case adjudication (i.e., case rejected, sentenced to county jail or state prison, placed on parole or probation). Please be advised that if property taken into custody, which may lawfully be released, is not claimed within 90 days after the case has been adjudicated, the property is subject to disposal.

**DETECTIVE DIVISIONS**                                                          PHONE NOS.          TDD NOS.

☐ CENTRAL - 251 EAST 6th STREET, LOS ANGELES 90014                              (213) 972-1200      (213) 485-9819

☐ DEVONSHIRE - 10250 ETIWANDA AVENUE, NORTHRIDGE 91325                          (818) 832-0609      (818) 832-0865

☐ FOOTHILL - 12760 OSBORNE STREET, PACOIMA 91331                                (818) 834-3115      (818) 756-8861

☐ HARBOR - 2175 JOHN S. GIBSON BLVD., SAN PEDRO 90732                           (310) 726-7900      (310) 726-7706

☐ HOLLENBECK - 2111 EAST 1st STREET, LOS ANGELES 90033                          (323) 342-8900      (323) 224-0125

☐ HOLLYWOOD - 1358 NORTH WILCOX AVENUE, LOS ANGELES 90028                       (213) 972-2967      (213) 485-9899

☐ MISSION - 11121 NORTH SEPULVEDA BLVD., MISSION HILLS 91345                    (818) 838-9810      (818) 837-9858

☐ NEWTON - 3400 SOUTH CENTRAL AVENUE, LOS ANGELES 90011                         (323) 846-5363      (323) 846-6535

☐ NO. HOLLYWOOD - 11640 BURBANK BLVD., NORTH HOLLYWOOD 91601                     (818) 623-4045      (818) 756-9035

☐ NORTHEAST - 3353 SAN FERNANDO ROAD, LOS ANGELES 90065                         (323) 344-5702      (213) 485-6407

☐ OLYMPIC - 1130 SOUTH VERMONT AVENUE, LOS ANGELES 90006                        (213) 382-9380      (213) 382-4365

☐ PACIFIC - 12312 CULVER BLVD., LOS ANGELES 90066                               (310) 482-6313      (310) 482-6419

☐ RAMPART - 1401 WEST 6th STREET, LOS ANGELES 90017                             (213) 484-3450      (213) 484-3664

☐ 77TH STREET - 7600 SOUTH BROADWAY, LOS ANGELES 90003                          (213) 485-4175      (213) 485-6409

☐ SOUTHEAST - 145 WEST 108th STREET, LOS ANGELES 90061                          (213) 972-7813      (213) 485-9934

☐ SOUTHWEST - 1546 WEST MARTIN LUTHER KING BLVD., LOS ANGELES 90062             (213) 485-6570      (213) 485-1015

☐ TOPANGA - 21501 SCHOENBORN STREET, CANOGA PARK 91304                          (818) 756-4820      (818) 756-5899

☐ VAN NUYS - 6240 SYLMAR AVENUE, VAN NUYS 91401                                 (818) 374-0040      (818) 785-6619

☐ WEST LOS ANGELES - 1663 BUTLER AVENUE, WEST LOS ANGELES 90025                 (310) 444-1580      (866) 924-4208

☐ WEST VALLEY - 19020 VANOWEN STREET, RESEDA 91335                              (818) 374-7730      (818) 705-1566

☐ WILSHIRE - 4861 VENICE BLVD., LOS ANGELES 90019                               (213) 922-8205      (213) 485-2112

**NARCOTICS**

☐ VALLEY AREAS:                                                                 (818) 374-0095      (818) 785-6619
    VALLEY BUREAU FILING UNIT - 6240 SYLMAR AVENUE, VAN NUYS 91401
    (Devonshire, Foothill, Mission, North Hollywood, Topanga, Van Nuys, West Valley)

☐ ALL OTHER AREAS:                                                              (213) 833-3710      (877) 275-5273
    NARCOTICS DIVISION FILING UNIT - 251 EAST 6TH STREET, LOS ANGELES 90014

**OTHER**

☑ 501 West Ocean Blvd Long Beach, CA

### INSTRUCTIONS FOR COMPLETION

Evidence Taken From Arrestees: An employee seizing or taking custody of property must issue a Receipt for Property Taken Into Custody, Form 10.10.00 (duplicate copy) to the person relieved of the property (Manual Section 4/645.20 and Section 10.10.00, accessible within the "Form Use" link, on LAPD E-Forms on the Department's LAN), Penal Code Sections 1412 and 4003. Any information that could be used for the crime of identity theft must be redacted. The original Form 10.10.00 must be included as a page of the original Property Report, Form 10.01.00; Release from Custody (RFC) Report Continuation, Form 05.02.08; or Arrest Report, Form 05.02.00, when evidence is listed.

Found Property: An employee seizing or taking custody of found property shall issue a Receipt for Property Taken Into Custody, Form 10.10.00 (duplicate copy) to the person relieved of the property (Manual Section 4/645.20 and Section 10.10.00, accessible within the "Form Use" link, on LAPD E-Forms on the Department's LAN). State law provides that title to found property may vest in the finder if the owner does not come forward within 90 days after receipt by the police department, Civil Code Section 2080.3. If no claim is made by the owner or a finder within 97 days after booking, found property will be disposed of.

NOTE: Penal Code Section 18265 provides that firearms seized at the scene of a domestic dispute shall be available to the owner or possessor in no less than 48 hours, but no longer than 5 days after the seizure, if the firearm is not retained as evidence related to criminal charges or is illegally possessed.

## **CERTIFICATE OF SERVICE**

I, **REBECCA EVANS,** declare:

That I am a citizen of the United States and resident or employed in Riverside County, California; that my business address is the Office of United States Attorney, 3403 Tenth Street, Suite 200, Riverside, CA 92501; that I am over the age of eighteen years, and am not a party to the above-entitled action; That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy:

**UNITED STATES' OMNIBUS SENTENCING POSITION REGARDING DEFENDANT MATTHEW BROWN; EXHIBIT 1**

**By electronic mail as follows:**

> **USPO Abimbola Fowler**
> **abimbola_fowler@cacp.uscourts.gov**

This Certificate is executed on **March 28, 2023** in Riverside, California.  I certify under penalty of perjury that the foregoing is true and correct.


_____
**/S/**
**REBECCA EVANS**